IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LILLIAN GRANT,                        §
                                      §
        Plaintiff,                    §
                                      §
v.                                    §        Civil Action No. 3:24-CV-3231-N
                                      §
ADDICTION CENTERS OF TEXAS,           §
LLC,                                  §
                                      §
        Defendant.                    §

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Lillian Grant's motion to compel discovery responses

and production [22]. For the following reasons, the Court grants in part and denies in part

the motion.

### I. ORIGINS OF THE DISPUTE

This is an employment discrimination case. Grant is suing the Addiction Centers of

Texas ("ACT") for a hostile work environment and disability discrimination in violation

of ADA and the Texas Labor Code. Compl. ¶¶ 43–64 [1]. Grant also asserts that ACT

failed both to engage in an interactive accommodation process and ultimately to

accommodate her disability. During her employment, Grant shared with her coworkers

that she suffers from sciatica and has anxiety. *Id*. ¶ 13. After disclosing this information,

multiple coworkers (including Shelley Kirkwood, Gretchen Gifford, and a nursing

director) isolated and harassed Grant, including "maliciously gossiping" about Grant's

disabilities. *Id*. ¶¶ 14, 18, 26–27. Additionally, Grant alleges that because of her

MEMORANDUM OPINION AND ORDER – PAGE 1

disabilities, ACT precluded her from working the day shifts ACT hired her for and from being promoted to a manager. *Id.* ¶¶ 10, 28–30. Finally, Grant alleges that ACT ignored her requests for accommodation for her panic attacks. *Id.* ¶ 34–35.

As part of discovery, Grant served requests for production and interrogatories on ACT. Pl.'s Mot. Compel [22-1; 22-2]. Grant filed this motion to compel complete responses to specific interrogatories and requests for production. Pl.'s Mot. Compel 1–2 [22].

## II. LEGAL STANDARD FOR DISCOVERY

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirements. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.3d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am. Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide

MEMORANDUM OPINION AND ORDER – PAGE 2

discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, is not proportional to the needs of the case, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

### III. THE COURT GRANTS IN PART AND DENIES IN PART GRANT'S MOTION TO COMPEL

#### A. Requests Regarding Nationwide and Shadow Diessner

Interrogatory No. 16 and Request for Production No. 3 ask ACT to identify "the 'Nationwide contact' as stated in the Shadow Diessner affidavit" and all "documents sent to Nationwide" regarding this litigation and its communications to Diessner, a Human Resources employee for ACT. Pl.'s Mot. Compel 2, 6. ACT responds that Nationwide, their liability insurance broker, is irrelevant. Def.'s Resp. 2, 5. Nationwide was only initially at issue because ACT moved to set aside a default judgment, citing to Diessner's heavy workload as the reason for the delay in obtaining counsel as good cause. Def.'s Mot. Set Aside J. 3 [11]. The Court granted that motion, Order (April 22, 2025) [14], thus, the matter concerning Nationwide is no longer at issue and is not relevant for discovery purposes. *See* FED. R. CIV. P. 26(b)(1). Therefore, the Court denies Grant's motion to compel a response to Interrogatory No. 16 and Request No. 3.

#### B. Interrogatory No. 1

Interrogatory No. 1 asks ACT to identify "each and every person spoken with, interviewed, or who otherwise was involved in the creation of these interrogatories," and

to state "the length of time that person was involved, interviewed, or spoken with." *See* Pl.'s Mot. Compel 4–5.  ACT argues that it has already disclosed the names of witnesses with knowledge of the facts in its initial disclosures and that it does not need to provide a length of time it interviewed each person.  Def.'s Resp. 3.  The Court determines that the length of an interview time has no bearing on the claims or defenses of the parties, *see* FED. R. CIV. P. 26(b)(1), and thus denies Grant's motion to compel an additional response to Interrogatory No. 1.

### C. Interrogatories Regarding Grant's Work Schedule and Promotion

Next, Grant asks ACT to provide complete responses to several interrogatories related to why Grant's work schedule did not comport with what ACT hired her for, and whether Grant was eligible for promotion.  Pl.'s Mot. Compel 5–6.

First, Interrogatory No. 4 Grant asks ACT to identify, "state, or explain what Grant's work schedule was and why that work schedule was never changed." *Id*. at 5.  Grant alleges that despite her requests, ACT limited Grant to night shifts when ACT hired her to work a day schedule.  Pl.'s Mot. Compel 5–6.  ACT explains that, beyond Grant being on the night shift, ACT has not located any additional responsive information.  Def.'s Resp. 4.  Moreover, ACT cannot produce information to prove a negative, that is, that it did not change Grant's schedule.  ACT has already agreed to supplement with any information it finds. *Id*.  Accordingly, the Court finds that ACT's response is sufficient and, thus, denies the motion to compel additional responses to Interrogatory No. 4.

Next, Interrogatory Nos. 8 and 11 ask ACT to explain "whether Grant was ever eligible to work as House Manager" or "never allowed to work as House Manager," and,

MEMORANDUM OPINION AND ORDER – PAGE 4

if not, why.  Pl.'s Mot. Compel 4–5.  In her Complaint, Grant alleges that she "was told" the position "might open up" and that she needed to get her sciatica "under control." Compl. ¶¶ 29–32.  However, Grant does not identify the person with whom she spoke with and what authority or capacity this speaker had.  Instead, Grant assumes in her pleadings that ACT did not permit her to work as House Manager.  Thus, based on the filings provided thus far, the Court denies Grant's motion to compel a response to Interrogatory Nos. 8 and 11.

### D. Interrogatory No. 10

Grant seeks to compel ACT to state "how many individuals are employed by TRC that have a disability."  Pl.'s Mot. Compel 6.  ACT objects on two grounds.  First, it argues that this is sensitive information about third parties and concludes it is irrelevant.  Def.'s Resp. 4.  Second, ACT states that it is unduly burdensome to identify "all of its employees who may have a disability."  *Id*.  However, the Court cannot conclude grounds for resisting discovery exists.  ACT has provided no evidence to demonstrate how this would be irrelevant.  *See McLeod*, 894 F.3d at 1485.  Nor does ACT explain why responding to this interrogatory is unduly burdensome.  *See Heller*, 303 F.R.D. at 490 (stating that "the party resisting discovery [must] show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden").  Accordingly, the Court grants Grant's motion to compel ACT to respond to Interrogatory No. 10.

MEMORANDUM OPINION AND ORDER – PAGE 5

### *E. Interrogatory No. 13*

Grant also seeks to compel ACT to explain, "explicitly and in detail, why it was necessary to terminate Grant at the time it did." Pl.'s Mot. Compel 6. In response, ACT states that it has provided numerous records regarding her termination already. Def.'s Resp. 5. Additionally, ACT, in its defense, cites the at-will employment doctrine. *Id*. Thus, the Court finds that the termination reason is relevant and discoverable. However, to remain proportional to the needs of the case, ACT's response need not be "explicitly and in detail." *See Carrizal v. Tex. Health & Hum. Servs. Comm'n*, 2025 WL 2648256, at *5 (W.D. Tex. 2025) (stating that interrogatories that require a party to marshal "all facts, proof, or evidence supporting a claim or defense do not allow a reasonable person to ascertain which documents are required") (internal quotations omitted). Thus, the Court orders ACT to response to Interrogatory No. 13 as modified.

### *F. Interrogatory No. 17*

Grant also seeks to compel ACT to explain "why Shelley Kirkwood did not respond to Plaintiff's text messages on the evening of May 13, 2024." Pl.'s Mot Compel 7. ACT states that the request is "vague." Def.'s Resp. 5. Moreover, ACT stated that it responded with all the information it had, and upon this review that "it does not know" why Kirkwood did not respond. *Id*. Grant's ground for compelling ACT is that it is "unclear" if ACT is avoiding the interrogatory or if it cannot "ascertain the information." Pl.'s Mot. Compel 7. However, Grant does not specify in her motion what proof it seeks, beyond that ACT does not know, in response to this request. Accordingly, the Court finds that ACT's

MEMORANDUM OPINION AND ORDER – PAGE 6

response is sufficient and thus denies the motion to compel an additional response to Interrogatory No. 17.

### G. Interrogatory No. 19

Grant seeks to compel ACT to explain "with particularity, why Breana Alexander was terminated." *Id*. ACT argues this is sensitive third-party information and that this information is irrelevant. Def.'s Resp. 5. However, as explained above, ACT has not met its burden under *McLeod*. ACT has not shown why the information is not discoverable. *See Heller*, 303 F.R.D. at 490. Moreover, because ACT terminated Grant for communicating with Alexander, the Court finds the information relevant. Compl. ¶ 37; Pl's Mot. Compel 7. Finally, as above, to remain proportional to the needs of the case, ACT's response need not be "with particularity." *See Carrizal*, 2025 WL 2648256, at *5; FED. R. CIV. P. 26(b)(2)(C). Thus, the Court grants the motion to compel a response to Interrogatory No. 19.

### H. Request for Production Nos. 8 and 11

Request for Production No. 8 and Request No. 11 seek all "documents concerning [Grant's] work performance" including any performance reviews, and any documents showing ACT policies that Grant "allegedly violated." Pl.'s Mot. Compel 3–4. In response, ACT states that it has conducted a search, but has not located any performance reviews. Def.'s Resp. 2. Additionally, it has produced all responsive documentation it has on policies, and it will supplement any responsive materials it finds. *Id*. at 3. The Court denies Grant's motion to compel responses to Request Nos. 8 and 11 because the Court finds that ACT's response is sufficient.

MEMORANDUM OPINION AND ORDER – PAGE 7

### *I. Request for Production Nos. 9 and 10*

Request for Production Nos. 9 and 10 seek all communications between ACT's current and former employees where Grant, and former employee, Breana Alexander, are mentioned, respectively. Pl.'s Mot. Compel 3. The court denies Grant's motion to compel both requests for the following reasons.

First, as to Request No. 9 regarding communications mentioning Grant, ACT states that it has produced all non-privileged documents it could locate within its control to the extent that it understands the request for production. Def.'s Resp. 2–3. The Court cannot determine from Grant's motion if there is any specific information that Grant seeks from this request that ATC has not already produced. Accordingly, the Court denies Grant's motion to compel a response to Request No. 9.

Second, Request No. 10 seeking communications about Alexander are both overbroad and irrelevant. The Request is overbroad because ACT may have communications mentioning Alexander that exceed the permissible scope of discovery. *See Samsung Elecs. Am. Inc.*, 321 F.R.D. at 280. Additionally, this request seeks information that is not related to the legal issues at hand. *See* FED. R. CIV. P. 26(b)(1). Therefore, the Court denies Grant's motion to compel for Request No. 10.

### *J. Request for Production Regarding Grant's Work Performance*

Grant also seeks the Court to compel production for Request Nos. 17–20 and 23 relating to Grant's performance. Pl.'s Mot. Compel 2. However, Grant's brief does not include any argument for compelling additional responses to these Requests in her argument. The Court therefore does not address Request Nos. 17–20, and 23.

MEMORANDUM OPINION AND ORDER – PAGE 8

### *K. Request for Production Nos. 27 and 28*

Requests for Production Nos. 27 and 28 seeks all "documents concerning charges against" ACT in the last ten years "concerning discrimination, including but not limited to, charges" filed with agencies and in courts, and "any allegations" formal or informal against ACT.  Pl.'s Mot. Compel 4.  In line with *McLeod* and existing case law, the Court limits the information to what is relevant and proportional.  *See, e.g.*, *Hernandez v. Clearwater Transp. Ltd.*, 2021 WL 148053 at *3 (W.D. Tex. 2021); *Choate v. Potter*, 2008 WL 906784 at *2 (N.D. Tex. 2008).  Thus, the Court grants the motion to compel Requests No. 27 and 28 to disability discrimination claims only within the last five years.

### CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Grant's motion to compel.  The Court denies Grant's motion to compel ACT to provide additional information in response to Interrogatory Nos. 1, 4, 8, 11, 16, and 17 and denies Grant's Requests for Production Nos. 3, 8, 9, 10, and 11.  The Court, however, grants Grant's motion to compel ACT to provide complete responses to Interrogatory No. 10, modified versions of Interrogatories Nos.13, and 19, and Grant's Request for Production Nos. 17–20, 23, and 27–28 and orders ACT to amend its responses to these requests within thirty (30) days of this order.

Signed October 20, 2025.

David C. Godbey
Senior United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 9